## Case No. 7,794.

### KING v. FROSTEL et al.

[8 Biss. 510; 4 Ban. & A. 236; 8 Reporter, 490; 16 O. G. 956; Merw. Pat. Inv. 273; 11 Chi. Leg. News, 383.] [1]

Circuit Court, E. D. Wisconsin. April, 1879. [2]

PATENTS—METHOD OF COMPRESSING AND PACKING MERCHANDISE.

The method of compressing and packing merchandise into convenient packages for sale and transportation, set forth in the complainant's patent of June 30, 1874, is not patentable.

[See note at end of case.]

[Bill by Wendell R. King against Albert Frostel and others.]

L. L. Coburn and Jenkins, Elliott & Winkler, for complainant.

Joshua Stark, for defendants.

DRUMMOND, Circuit Judge. This is a bill filed by the plaintiff against the defendants to restrain them from manufacturing and selling a kind of bale called "plastering hair bale," which the plaintiff claims to belong to him by virtue of letters patent [No. 152,560] issued to him on the 30th day of June, 1874. The plaintiff invented, as he says, a peculiar method of putting up plastering hair in bales, so as to constitute it an article of manufacture protected by the patent issued to him. He says in his specifications that "heretofore plastering hair has been packed in a mass, or a certain number of bushels baled together, varying in amount as the order required, so that when received the re-

1 [Reported by Josiah H. Bissell, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission. 8 Reporter, 490, contains only a partial report.]

2 [Affirmed in 109 U. S. 99, 3 Sup. Ct. 85.]

tail dealer was compelled to parcel out the same, and weigh it to suit his customers."

Hair had been previously put up in large bags, barrels or boxes, so that, when it was called for by a customer, it had to be taken out of this large package, and generally, being more or less dirty, it was disagreeable to separate one part of the hair from another, and the plaintiff claims that he supplied a desideratum in the trade by putting it up in small parcels, and tying or fastening them together so as to constitute what he terms a "bale." It is assumed that the hair is in a proper condition to be packed, and that being so, he describes his mode of packing. He says: "I first place a bushel of hair in a paper sack loosely, or only so far packed as may be readily done by hand; several of these one bushel packages are then placed side by side in a baling press. I use for this purpose the baling press heretofore patented by me. They are thus compressed forcibly together, so that the bale produced will be a compact, firm bale, occupying only about one-fifth of the original bulk. The paper bags which still envelope the individual bushels of the bale keep said bushels separate, and serve at the same time to protect the hair."

He claims that when the hair is thus put up in bushels and fastened together in the mode designated, so as to form a bale, it constitutes an article of manufacture, the subject of a patent, and that it is a very convenient mode in which hair can be sold in small parcels, so as to meet a common demand upon dealers.

The claim at the end of the specifications is as follows: "As an article of manufacture, the bale B., of plasterer's hair, consisting of several bundles, A., containing a bushel each by weight, inclosed or incased in paper bags, or similar material, united, compressed and secured to form a package substantially as specified," and the question is, whether the plaintiff is entitled to a patent for putting plasterer's hair in packages, and fastening them together in the manner described, so as to constitute a bale. I am of the opinion that he is not. It is not necessary to decide in this case whether, taking the whole package together compressed in a baling press, which has been patented to him as he states, it is such an article as the patent law protects, because I do not understand that the bale of the defendant, which is claimed to be an infringement of the plaintiff's patent, has been compressed in the same manner as the bale of the plaintiff, and therefore, strictly speaking, it is not the bale described by the plaintiff. If the plaintiff's patent is construed so as to include any mode of pressure by which the bale is formed out of small packages of plasterer's hair, as his counsel seem to claim, then I think the patent cannot be sustained; because a person can put many articles of merchandise in separate and distinct packages and then compress them together, [and that would infringe the patent of

the plaintiff if the construction be as broad as has been intimated. It may be true that this mode of putting up plasterer's hair has met a want in the trade, but, after all, independent of the particular mode of compression by the apparatus which the plaintiff speaks of in his specifications, it was nothing more than a method which any person might adopt, and which did not require any inventive skill.][3] It is something which might occur to any person, to take almost any article of merchandise, put it in separate parcels and bind them together. It is an exercise of the ordinary skill possessed by most persons.

I had occasion, some years ago, to examine the principle involved in this case very fully, in a bill filed to protect a package which was claimed to be a new article of manufacture for enclosing lard. There were many claims to that patent. All of the claims were rejected except one, which was sustained as a new article of manufacture. It appeared in that case that the article produced a revolution in the trade in lard, which was put up in such a way as to stand all climates and so that it could be transported any distance without injury. With a good deal of hesitation and doubt stated at the time as to the correctness of the ruling of the court in that case, one claim of the plaintiff's patent was sustained. The case never went to the supreme court, the parties having acquiesced in the decision and settled their controversy. Tucker v. Fairbanks [Case No. 14,218], N. D. Ill. I am not willing to go beyond that case, nor to encourage patents for such things as this, and to hold that nobody else can take plasterer's hair and make it up into small parcels and bind them together, no matter how, and to say that any one who does this infringes the patent of the plaintiff.

What the particular kind of machine was which is referred to by the plaintiff in his specifications by which the different packages were pressed together so as to constitute the bale, does not appear in this case, and therefore, as before stated, it is not necessary to decide upon the effect of the article of manufacture, specially described by the plaintiff, with that included. It is clear, in my judgment, that if valid at all, it is only so because of the peculiar apparatus by which the different packages are pressed together so as to constitute a bale.

It is urged that this patent has been before the circuit court of the United States for the Southern district of Ohio, and that the patent was there held valid. There is some question made as to whether that was a contested case so as to entitle the decision to that consideration which we are always inclined to give to decisions of the federal courts; but independent of that, I think the particular compressing apparatus described by the plaintiff must have largely entered into the consideration of the court, if after a

---

[From 4 Ban. & A. 236.]

bona fide contest before it, the patent was held valid.

The bill will be dismissed.

[NOTE. An appeal was then taken by the complainant to the supreme court, where the decree was affirmed in an opinion by Mr. Justice Woods, who said that all that the patent can cover is simply an article of manufacture resulting from the compression and tying together in one bale of several similar parcels or packages of plasterer's hair. This does not describe a patentable invention. Moreover, the compression of several packages of the same thing into larger packages or bundles is not new, and has long been commonly practiced. The case of plug tobacco is a familiar instance. 109 U. S. 99, 3 Sup. Ct. 85.]